■ Rosanne Lovetere, Appellant, v Meadowlands Sports Complex, Defendant, and New Jersey Sports & Exposition Authority et al., Respondents. [39 NYS3d 146]—

Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about February 5, 2016, which granted the motion of defendants New Jersey Sports & Exposition Authority and New Meadowlands Racetrack, LLC for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established entitlement to judgment as a matter of law by submitting deposition testimony, expert opinion, and photographic evidence showing that the alleged hazardous defect in the ceramic floor tile (a "spall") was physically insignificant and trivial. The depth of the defect in a grouted area of the tiled floor measured only three-sixteenths of an inch, as well as seven-eighths of an inch wide and four inches

in length. Moreover, the spall's edges, as compared to the immediate surrounding surface areas, were not dangerously irregular. Plaintiff acknowledged that the lighting enabled her to see the floor area in the six-foot-wide corridor while she walked with family members, and that the alleged defect was not noticeable despite the grouting having a darker color than the surrounding tile. There was also evidence indicating no prior accidents or complaints were reported that involved the subject tiled area of the well-traveled corridor.

In opposition, plaintiff failed to raise a triable issue of fact. The eyewitness testimony regarding how the heel of her shoe had become stuck in the floor and remained there, together with photographic evidence, failed to raise an issue as to whether the subject spall represented an unreasonably dangerous hazard under all of the circumstances presented (*see Hutchinson v Sheridan Hill House Corp.*, 26 NY3d 66 [2015]; *Myles v Spring Val. Marketplace, LLC*, 141 AD3d 425 [1st Dept 2016]; *Hunter v New York City Hous. Auth.*, 137 AD3d 717 [1st Dept 2016]). Concur—Friedman, J.P., Andrias, Saxe, Feinman and Kahn, JJ.