Katz v 260 Park Ave. S. Condominium Assoc. (2019 NY Slip Op 00578)





Katz v 260 Park Ave. S. Condominium Assoc.


2019 NY Slip Op 00578


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Renwick, J.P., Richter, Mazzarelli, Webber, Kern, JJ.


8252 155146/13

[*1]Cohl Katz, Plaintiff-Respondent,
v
260 Park Avenue South Condominium Associates, et al., Defendants-Appellants.


Molod Spitz & DeSantis, P.C., New York (Salvatore J. DeSantis of counsel), for appellants.
Pollack, Pollack, Isaac & DeCicco, New York (Paul H. Seidenstock of counsel), for respondent.



Order, Supreme Court, New York County (Kelly O'Neill Levy, J.), entered February 12, 2018, which denied defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendants established prima facie that the defect in the step on which plaintiff allegedly slipped and fell did not constitute an unsafe condition via photographs that showed no large cracks or holes in the step and an expert affidavit opining that the measured height differential of between 1/4 to 3/8 of an inch was trivial (see McCullough v Riverbay Corp., 150 AD3d 624 [1st Dept 2017]; Lovetere v Meadowlands Sports Complex, 143 AD3d 539, 539 [1st Dept 2016]). In opposition, plaintiff raised an issue of fact via an expert affidavit opining that a chipped segment of the stair tread, which measured 9 inches in length and varied in height from 1/4 to 1-1/8 inches, caused plaintiff's accident (see Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 82 [2015]).
Contrary to defendants' contentions, the record also presents issues of fact as to whether plaintiff was intoxicated at the time of the accident and whether her conduct in deciding to descend a darkened stairwell during a power outage was so egregious or unforeseeable as to constitute the sole or superseding cause of the accident (see Soto v New York City Tr. Auth., 6 NY3d 487, 492 [2006]; Malleret v Federal Express Corp., 100 AD3d 567, 568 [1st Dept 2012]). Moreover, any inconsistencies in plaintiff's account of the accident present credibility issues for determination by a factfinder (see Campos v 68 E. 86th St. Owners Corp., 117 AD3d 593, 594 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK