Narvaez v Vornado Realty Trust (2022 NY Slip Op 02513)

Narvaez v Vornado Realty Trust

2022 NY Slip Op 02513

Decided on April 19, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 19, 2022

Before: Gische, J.P., Webber, Scarpulla, Higgitt, JJ. 

Index No. 155315/17 Appeal No. 15740 Case No. 2021-02346 

[*1]Lilia Narvaez, Plaintiff-Appellant,
v
Vornado Realty Trust et al., Defendants, The Madison Square Garden Company, Defendant-Respondent.

The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for appellant.
Carol R. Finocchio, Water Mill, for respondent.

Order, Supreme Court, New York County (Verna L. Saunders, J.), entered April 21, 2021, which granted defendant Madison Square Garden's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff Lilia Narvaez alleges she was injured when she tripped and fell on the sidewalk by the entrance to Pennsylvania Station on Eighth Avenue near West 33rd Street in Manhattan, which was allegedly negligently maintained by defendant Madison Square Garden (MSG).
MSG moved for summary judgment dismissing the complaint. Supreme Court granted the motion finding inter alia that plaintiff failed to adequately identify any defect or condition that caused her to trip, the defect cited by plaintiff in her photographs, was de minimis and plaintiff did not establish that MSG had actual or constructive notice of the condition or rebut MSG's claim that it did not have notice of the alleged dangerous condition.
Plaintiff argues for the first time on appeal that MSG failed to make a prima facie showing of entitlement to summary judgment. Generally, this Court does not review issues raised for the first time on appeal (see Verizon N.Y. Inc. v City of New York, 159 AD3d 443, 444 [1st Dept 2018]; Weicht v City of New York, 148 AD3d 551, 552 [1st Dept 2017]). Here, however, the question of whether MSG sustained its prima facie burden of demonstrating entitlement to summary judgment, is a determinative legal issue and the record on appeal is sufficient to permit this Court's review (see Augustin v Augustin, 79 AD3d 651, 652 [1st Dept 2010]; Vanship Holdings Ltd. v Energy Infrastructure Acquisition Corp., 65 AD3d 405, 408 [1st Dept 2009]).
Defendant demonstrated as a matter of law that it was not negligent in connection with plaintiff's accident by submitting a photograph, taken by plaintiff's son on the day of the accident and marked Exhibit "E" at plaintiff's deposition, depicting the hole that allegedly caused plaintiff to trip and fall and showing that the hole was physically insignificant and not actionable, even taking into account plaintiff's testimony that it was full of pebbles made of sand (see Lovetere v Meadowlands Sports Complex, 143 AD3d 539 [1st Dept 2016]; Arpa v 245 E. 19 Realty LLC, 188 AD3d 479 [1st Dept 2020]). Under the circumstances, defendant was not required to demonstrate that it
lacked notice of the condition (see generally Sanchez v State of New York, 99 NY2d 247, 252 [2002]).
We have considered plaintiff's remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 19, 2022