Piedra v 111 W. 57th Prop. Owner LLC (2023 NY Slip Op 04737)

Piedra v 111 W. 57th Prop. Owner LLC

2023 NY Slip Op 04737

Decided on September 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 26, 2023

Before: Renwick, P.J., Moulton, Kennedy, Scarpulla, Higgitt, JJ. 

Index No. 159441/17 Appeal No. 611 Case No. 2023-01763 

[*1]Joohonny F. Piedra, Plaintiff-Respondent,
v
111 West 57th Property Owner LLC et al., Defendants-Appellants.

Malapero Prisco & Klauber LLP, New York (Tracy Frankel of counsel), for appellants.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered on or about September 23, 2022, which, insofar as appealed as limited by the briefs, granted plaintiff's motion for summary judgment on liability on his Labor Law § 241(6) claim predicated on Industrial Code 12 NYCRR § 23-1.7(e)(2), unanimously affirmed, without costs.
Plaintiff established prima facie entitlement to summary judgment by testifying that he slipped on a piece of wood while descending a staircase at the construction site where he was working, and by authenticating photographs showing debris and garbage on the steps where he fell. This evidence was sufficient to establish that defendants violated Industrial Code 12 NYCRR § 23-1.7 (e)(2) ("Tripping and other hazards"), as the staircase constituted a passageway and the wood created a tripping hazard within the meaning of the statute. In opposition, defendants submitted no evidence controverting plaintiff's sole account of the accident (see Rivera v Suydam, 379 LLC, 216 AD3d 495, 496 [1st Dept 2023]; Ping Lin v 100 Wall St. Prop. L.L.C., 193 AD3d 650, 652 [1st Dept 2021]).
Defendants argue for the first time on appeal that plaintiff's deposition testimony was inconsistent and failed to establish his prima facie entitlement to summary judgment. Although this argument was not raised in Supreme Court, we nonetheless consider it, as it is a determinative issue of law and the record on appeal is sufficient to permit our review (see Narvaez v Vornado Realty Trust, 204 AD3d 519, 519 [1st Dept 2022]). However, we reject the argument. That plaintiff reported to his foreman only that he fell, without mentioning that he slipped or tripped on wood debris, does not detract from his credibility, nor does plaintiff's report to the foreman qualify as an inconsistent statement (see Ping Lin, 193 AD3d at 652). The gap in time between plaintiff's fall and his medical treatment also fails to impugn plaintiff's credibility, since plaintiff testified that he thought using ice on his foot would be sufficient but struggled at work in the days that followed. Furthermore, the photographs taken a day or more after the accident, although they may not represent an exact depiction of the accident scene, nonetheless show debris on the staircase where plaintiff fell.
A contested incident report from defendant JDS Construction Group LLC, stating that plaintiff heard a noise, looked up, and then fell down the stairs, does not preclude summary judgment. Any possible comparative negligence on the part of the plaintiff
does not preclude liability founded upon a violation of Labor Law § 241(6) (see Rodriguez v City of New York, 31 NY3d 312, 324-325 [2018]).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 26, 2023