Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered on or about April 23, 2012, which denied plaintiffs motion for summary judgment on the issue of liability under Labor Law § 240 (1) and defendant’s cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to grant plaintiffs motion, and otherwise affirmed, without costs.
Vlad Restoration, Ltd. was hired by defendant to perform a complete renovation of defendant’s church. Plaintiff, a bricklayer’s assistant employed by Vlad Restoration, was performing brickwork on the exterior of the church as part of the renovation. The “sidewalk bridge,” or first tier, of a four-tiered exterior scaffold was accessible from the ground via a number of secured extension ladders. Plaintiff was working on the ground level when the bricklayer told him to ask Zenon Bogucki, who was acting as substitute foreman for the day, a question. Plaintiff ascended to the sidewalk bridge using one of the properly secured ladders. When Bogucki still could not hear plaintiff from the sidewalk bridge, plaintiff began ascending a second extension ladder that was not properly secured. The ladder slid, causing plaintiff to fall to the sidewalk bridge approximately 10 feet below.
Labor Law § 240 (1) imposes liability on contractors and owners for the existence of certain elevation-related hazards and the failure to provide an adequate safety device of the kind enumerated in the statute (see Berg v Albany Ladder Co., Inc., 10 NY3d 902, 904 [2008]; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39 [2004]). To establish a claim under this provision, a plaintiff must “show that the statute was violated and that the violation proximately caused his injury” (Cahill, 4 NY3d at 39). Accordingly, “where a plaintiffs own actions are the sole proximate cause of the accident, there can be no liability” (id.). To raise a triable issue of fact as to whether a plaintiff was the sole proximate cause of an accident, the defendant must produce evidence that adequate safety devices were available, that the plaintiff knew that they were available and was expected to use them, and that the plaintiff unreasonably *403 chose not to do so, causing the injury sustained (see id. at 40; Gallagher v New York Post, 14 NY3d 83, 88 [2010]).
“It is well settled that failure to properly secure a ladder to insure that it remains steady and erect while being used, constitutes a violation of Labor Law § 240 (1)” (Schultze v 585 W. 214th St. Owners Corp., 228 AD2d 381, 381 [1st Dept 1996]). Here, plaintiff has adduced sufficient evidence to show that he fell 10 feet from an unsecured extension ladder which slid. Plaintiff testified that the ladder was already set up for usage when he arrived on the sidewalk bridge. Defendant has not contradicted this claim, advancing only Bogucki’s testimony that he saw the ladder lying on its side earlier in the day. Defendant’s argument that plaintiff should have checked the ladder does not show intentional misuse or other egregious misconduct and amounts, at most, to contributory negligence, a defense inapplicable to a Labor Law § 240 (1) claim (see Hernandez v 151 Sullivan Tenant Corp., 307 AD2d 207, 208 [1st Dept 2003]).
Defendant also argues that plaintiff was the sole proximate cause of his injuries because he did not use the fire escape to ascend to the scaffold’s second tier. However, the evidence fails to raise a question of fact as to whether plaintiff knew he was expected to use this alternate means of ascending to the second tier and unreasonably chose not to use it. To the contrary, when asked at his deposition whether he ever told plaintiff to use the fire escape, Bogucki responded that plaintiff had just returned from Poland three days earlier and was new to this site, and Bogucki believed “there was no need to give such [an] explanation to him” because plaintiff was supposed to be assigned “to just do the cement job at the bottom.”
Bogucki also testified that the foreman told “all the workers that the fire escape is the standard way of moving between the platforms,” but admitted that this was weeks earlier, before plaintiff’s return from Poland, and this instruction was not given every day. Tellingly absent from the record is any affidavit or testimony from the foreman, Marek Kraszewsky, who allegedly gave such instruction. Assuming, although it is not established by admissible evidence, that this instruction was ever given to plaintiff, it would not suffice to create an issue as to whether plaintiff was the sole proximate cause of his accident. The instruction, as related in Bogucki’s testimony, does not establish that plaintiff was ever told the use of the extension ladder was forbidden, or, put differently, that use of the fire escape was not only the “standard way,” but the exclusive way to move between tiers. As defendant has noted, plaintiff did not *404 work on the scaffold and had not accessed its tiers prior to this occasion, as he had previously only worked on the ground and roof. Therefore, defendant has not shown that plaintiff knew he was expected to only use the fire escape rather than an extension ladder to access the second scaffold tier and unreasonably chose not to do so (see Gallagher v New York Post, 14 NY3d at 88-89; cf. Cahill, 4 NY3d at 39-40 [the plaintiff received specific instructions that he chose to disregard]). In short, there is no reasonable view of the evidence by which a factfinder could conclude that plaintiff was the sole proximate cause of his own accident.
Concur—Sweeny, J.E, Saxe, DeGrasse, Abdus-Salaam and Feinman, JJ.