*602 Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 20, 2012, which granted plaintiffs motion for partial summary judgment on his Labor Law § 240 (1) claim, unanimously affirmed, without costs.
Plaintiff testified that he was injured when a bundle of rebar that his coworker was lowering by rope fell and hit him. As plaintiff struggled to keep himself and the bundle from falling off his unguarded platform onto several workers on the level below him, his foot hit an unknown item on the platform, causing him to twist his back. This evidence establishes prima facie that plaintiffs injuries were proximately caused, at least in part, by defendants’ failure to provide him with proper protection as required by Labor Law § 240 (1) (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]). Defendants failed to raise an issue of fact by pointing to an alleged discrepancy between plaintiffs testimony and his handwritten statement on a form seeking medical treatment. The statement on the medical form does not conflict with the testimony establishing that “plaintiffs injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential” (id.; see McCay v J.A. Jones-GMO, LLC, 74 AD3d 615 [1st Dept 2010]; see also Susko v 337 Greenwich LLC, 103 AD3d 434 [1st Dept 2013]). Even if plaintiffs injuries resulted in part from tripping or slipping on an object on the platform, the uncontroverted evidence demonstrates that these injuries resulted directly from the elevation-related risks that required plaintiff to struggle with the bundle of rebar (see Skow v Jones, Lang & Wooton Corp., 240 AD2d 194, 195 [1st Dept 1997], lv denied 94 NY2d 758 [1999]).
Defendants also failed to raise an issue of fact whether plaintiff was the sole proximate cause of his accident. In response to plaintiffs testimony that he made extensive but fruitless efforts to obtain permission to use an on-site crane that was in use by other laborers, defendants failed to show that a crane, pulley, or other appropriate safety device was readily available on the site, or that plaintiff had been instructed to use such a device while performing the kind of work that led to his injuries (see Gallagher v New York Post, 14 NY3d 83 [2010]; Nacewicz v Roman Catholic Church of the Holy Cross, 105 AD3d 402, 402-403 [1st Dept 2013]; Peters v New Sch., 102 AD3d 548 [1st Dept 2013], lv dismissed 21 NY3d 922 [2013]; Eustaquio v 860 Cortlandt Holdings, Inc., 95 AD3d 548 [1st Dept 2012]; Auriemma v Biltmore Theatre, LLC, 82 AD3d 1, 10-11 [1st Dept 2011]). Moreover, plaintiff agreed to use the rope method only *603 after expressing his concerns about the adequacy of the rope as the sole safety device to be used for the task, and being assured by his foreperson that it would be “okay.” Since plaintiff did not unilaterally decide to use the rope method, he could not be the sole proximate cause of the accident (see Boyd v Schiavone Constr. Co., Inc., 106 AD3d 546 [1st Dept 2013]; Harris v City of New York, 83 AD3d 104, 110-111 [1st Dept 2011]).
Defendants’ argument that plaintiff was negligent in deciding to lower the bundle of rebar, rather than separating it into smaller bundles, is also unavailing. The record establishes that a violation of the statute was a contributing cause of plaintiffs accident. Thus, any contributory negligence on plaintiffs part is no defense to his claim (see Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 287 [2003]). Concur — Tom, J.P., Andrias, Saxe, Freedman and Richter, JJ. [Prior Case History: 2012 NY Slip Op 31938(U)„]