# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

65

CA 14-01132

PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, CARNI, AND WHALEN, JJ.

---

JAMES ZIMMER, PLAINTIFF-RESPONDENT-APPELLANT,

V                                        MEMORANDUM AND ORDER

TOWN OF LANCASTER INDUSTRIAL DEVELOPMENT AGENCY,
AMERICAN SALES COMPANY, INC. AND AMERICAN SALES
COMPANY, LLC, DEFENDANTS-APPELLANTS-RESPONDENTS.

---

DIXON & HAMILTON, LLP, GETZVILLE (DENNIS P. HAMILTON OF COUNSEL), FOR
DEFENDANTS-APPELLANTS-RESPONDENTS.

DOLCE PANEPINTO, P.C., BUFFALO (SEAN E. COONEY OF COUNSEL), FOR
PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (Frederick J. Marshall, J.), entered October 11, 2013. The order granted plaintiff's motion for partial summary judgment and granted in part and denied in part defendants' cross motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting those parts of the cross motion seeking summary judgment dismissing the Labor Law § 200 and common-law negligence causes of action and by denying that part of the cross motion seeking summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it is based on the alleged violation of 12 NYCRR 23-1.21 (d) (2) and reinstating that cause of action to that extent, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this Labor Law and common-law negligence action seeking damages for injuries he sustained while attempting to repair a rooftop commercial heating and air conditioning unit. Plaintiff's wrist was fractured when the upper section of a four-foot extension ladder fell and struck plaintiff while plaintiff and a coworker were standing on the ground, attempting to set the ladder in place. Although the ladder was equipped with automatic positive acting locks to prevent and/or halt the uncontrolled retraction of the upper extension, those devices were iced-over at the time of plaintiff's accident as a result of the ladder having been stored outside the night before. Supreme Court granted plaintiff's motion for partial summary judgment on liability on the Labor Law § 240 (1) cause of action and granted only in part defendants' cross motion for summary judgment dismissing the complaint, dismissing the Labor Law § 241 (6) cause of action.

Contrary to defendants' contention on their appeal, the evidence established that plaintiff was injured by an elevation related risk within the scope of Labor Law § 240 (1). Although the feet of the lower section of the ladder were at the same level as plaintiff and the upper extendable section fell only a short distance, plaintiff is not precluded from recovery under section 240 (1) (*see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1, 6-7). Defendants' contention that plaintiff should have inspected the ladder "amounts, at most, to contributory negligence, a defense inapplicable to a Labor Law § 240 (1) [cause of action]" (*Nacewicz v Roman Catholic Church of the Holy Cross*, 105 AD3d 402, 403).

We agree with defendants, however, that the court erred in denying that part of their cross motion with respect to the Labor Law § 200 and common-law negligence causes of action, and we therefore modify the order accordingly. "It is settled law that where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under section 200 of the Labor Law" (*Lombardi v Stout*, 80 NY2d 290, 295; *see Gielow v Rosa Coplon Home*, 251 AD2d 970, 972, *lv dismissed in part and denied in part* 92 NY2d 1042, *rearg denied* 93 NY2d 889). Here, defendants met their initial burden by establishing that plaintiff's accident resulted from the manner in which the work was performed, not from any dangerous condition on the premises, and defendants exercised no supervisory control over the work (*see Leathers v Zaepfel Dev. Co., Inc.* [appeal No. 2], 121 AD3d 1500, 1503). Plaintiff failed to raise an issue of fact to defeat that part of the cross motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We conclude with respect to plaintiff's cross appeal that the court properly granted that part of defendants' cross motion for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as it is based on the alleged violation of 12 NYCRR 23-1.21 (b) (3) (iv). Pursuant to that regulation, "[a] ladder shall not be used . . . [i]f it has any flaw or defect of material that may cause ladder failure." Here, we conclude that the icing of the automatic positive acting locks is not a flaw or defect of material within the meaning of the regulation. We agree with plaintiff, however, that the court erred in granting defendants' cross motion with respect to the section 241 (6) cause of action insofar as it is based on the alleged violation of 12 NYCRR 23-1.21 (d) (2), and we therefore further modify the order accordingly. That regulation requires that "[e]ach upper section of any extension ladder when extended shall be locked in place by two automatic positive acting locks" and, here, contrary to defendants' contention, they failed to establish that the regulation is inapplicable to the facts of this case (*see generally Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 351; *Forschner v Jucca Co.*, 63 AD3d 996, 998).

Lastly, plaintiff's contention that he should be granted partial summary judgment on the Labor Law § 241 (6) cause of action insofar as it is based on the alleged violation of 12 NYCRR 23-1.21 (d) (2) was

raised for the first time in his reply papers and thus is not properly before us (*see Turner v Canale*, 15 AD3d 960, 961, *lv denied* 5 NY3d 702).

Entered:  February 6, 2015                    Frances E. Cafarell
                                              Clerk of the Court