■ JONATHAN AUSBY, Appellant, v 365 WEST END LLC et al., Respondents-Appellants. ABILENE, INC., Third-Party Plaintiff-Respondent-Appellant, v THEMIS CHIMNEYS, INC., Third-Party Defendant-Respondent. [22 NYS3d 824]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered February 10, 2015, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment on the issue of liability under Labor Law § 240 (1), and granted third-party defendant's (Themis) motion for summary judgment dismissing the third-party claims for common-law indemnification and contribution, unanimously reversed, on the law, without costs, plaintiff's motion granted, and Themis's motion denied.

The conflicting evidence as to whether the shaking of the ladder from which plaintiff fell was caused by his foreman standing on it with him or bumping into it on the ground does not raise a material issue of fact as to defendants' liability for plaintiff's injuries. "The failure to secure the ladder . . . against slippage by any means whatsoever constitutes a violation of Labor Law § 240 (1) as a matter of law, for which defendants are absolutely liable" (*Urrea v Sedgwick Ave. Assoc.*, 191 AD2d 319, 320 [1st Dept 1993]; *see Montalvo v J. Petrocelli Constr., Inc.*, 8 AD3d 173 [1st Dept 2004]; *Lopez-Dones v 601 W. Assoc., LLC*, 98 AD3d 476 [2d Dept 2012]). Because Labor Law § 240 (1) was violated in either version of the accident, no credibility issue is presented (*see Schultze v 585 W. 214th St. Owners Corp.*, 228 AD2d 381 [1st Dept 1996]).

Themis failed to establish that it is not liable to defendant/ third-party plaintiff Abilene, Inc. for common-law indemnification and contribution, since an issue of fact exists whether Themis directed and controlled plaintiff's work (*see Naughton v City of New York*, 94 AD3d 1, 10-11 [1st Dept 2012]). Plaintiff's foreman testified that Themis's president instructed nonparty MadAlex's employees regarding the work, and Themis's president acknowledged that he met at the site with Abilene's vice president for construction while the work was being done. Concur—Renwick, J.P., Andrias, Saxe and Moskowitz, JJ.