■ ROBERT FLETCHER, JR., Appellant, v BROOKFIELD PROPERTIES et al., Respondents. [41 NYS3d 700]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 15, 2016, which, insofar as appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) claim, unanimously reversed, on the law, without costs, and the motion granted.

Plaintiff established his entitlement to partial summary judgment on his Labor Law § 240 (1) claim through witnesses' testimony that the ladder from which he was descending suddenly kicked out to the left, resulting in his fall (*see Fanning v Rockefeller Univ.*, 106 AD3d 484 [1st Dept 2013]). Contrary to the motion court's finding, plaintiff was not required to demonstrate that the ladder was defective in order to satisfy his prima facie burden (*see Soriano v St. Mary's Indian Orthodox Church of Rockland, Inc.*, 118 AD3d 524, 526 [1st Dept 2014]; *Fanning* at 485).

In opposition, defendants failed to raise a triable issue of fact as to whether plaintiff was the sole proximate cause of the accident. Plaintiff was not responsible for setting up the ladder, and there was no testimony establishing the existence of any other readily available, adequate safety devices at the work site (*see Caceres v Standard Realty Assoc., Inc.*, 131 AD3d 433 [1st Dept 2015], *appeal dismissed* 26 NY3d 1021 [2015]; *Gove v Pavarini McGovern, LLC*, 110 AD3d 601, 602 [1st Dept 2013]; *Figueiredo v New Palace Painters Supply Co. Inc.*, 39 AD3d 363 [1st Dept 2007]). Furthermore, given the undisputed testimony that the ladder kicked out because it was unsecured, the testimony that plaintiff unsafely descended from the ladder by carrying pipe fittings in his arms established, at most, "contributory negligence, a defense inapplicable to a Labor Law § 240 (1) claim" (*Nacewicz v Roman Catholic Church of the Holy Cross*, 105 AD3d 402, 403 [1st Dept 2013]; *see Dias v City of New York*, 110 AD3d 577, 578 [1st Dept 2013]). Concur—Tom, J.P., Acosta, Andrias, Moskowitz and Kahn, JJ.