Ping Lin v 100 Wall St. Prop. L.L.C. (2021 NY Slip Op 02605)





Ping Lin v 100 Wall St. Prop. L.L.C.


2021 NY Slip Op 02605


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Gische, J.P., Oing, Moulton, Mendez, JJ. 


Index No. 160605/15 Appeal No. 12911 Case No. 2020-03188 

[*1]Ping Lin, Plaintiff-Appellant,
v
100 Wall Street Property L.L.C., et al., Defendants-Respondents.


The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for appellant.
Biedermann Hoenig Semprevivo, New York (Raychel Camilleri of counsel), for 100 Wall Street Property L.L.C. and Gant U.S.A., Corporation, respondents.
Law Office of Leonard Rodney, Mineola (Leonard Rodney of counsel), for CDC Housing, Inc., respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered May 14, 2020, which denied plaintiff's motion for summary judgment as to liability under Labor Law § 240(1), unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff sued defendants for personal injuries that he sustained on June 3, 2015 when he fell from a six-foot A-frame ladder. Plaintiff was working on a beam on a drop ceiling that was being constructed below the structural ceiling. At his deposition plaintiff testified that he placed a piece of cut sheetrock on the ladder, which measured approximately two-by-four feet, and climbed to the 4th step which was three or four feet off the ground. He testified that he placed the sheetrock against the ceiling beam with his left palm and reached about 18 inches above his head. When he reached his right hand to his tool belt to retrieve his drill he explained that his "left hand was holding [the] . . . sheetrock for too long . . . [and] got tired, so the sheetrock fell" hitting the side of his head. Plaintiff testified that he then dropped his drill to the ground and tried to grab the ladder with both hands but the ladder "shaked and moved" and he fell. After hearing a loud bang, plaintiff's supervisor found plaintiff lying on the floor with the collapsed ladder on plaintiff's left side, and a piece of sheetrock on the floor.
Plaintiff established prima facie entitlement to summary judgment under Labor Law § 240(1). The undisputed facts establish that defendants violated Labor Law § 240(1) by failing to properly secure the ladder against movement or slippage and to ensure that it remained steady and erect (see Montalvo v J. Petrocelli Constr., Inc., 8 AD3d 173, 174-175 [1st Dept 2004]; Ausby v 365 W. End LLC, 135 AD3d 481, 481 [1st Dept 2016]). Defendants failed to guard against plaintiff's risk of falling from a ladder while using one hand over his head to hold the sheetrock in place and the other hand over his head to operate a drill (see Caceres v Standard Realty Assoc., Inc., 131 AD3d 433, 434 [1st Dept 2015], lv denied 26 NY3d 1021 [2015]).
Because we find that the ladder did not provide adequate protection, it is irrelevant that it appeared "very sturdy" to plaintiff. A plaintiff is not required to demonstrate that a ladder is defective in order to establish prima facie entitlement to summary judgment under Labor Law § 240 (1) (see Pierrakeas v 137 E. 38th St. LLC, 177 AD3d 574, 574-575 [1st Dept 2019]; Fletcher v Brookfield Props., 145 AD3d 434, 434 [1st Dept 2016]; Montalvo, 8 AD3d at 174).
In opposition to plaintiff's prima facie showing, defendants failed to raise any triable issue of fact. Defendants' reliance on Antenucci v Three Dogs, LLC (41 AD3d 205 [1st Dept 2007]) is misplaced. In that case there was some evidence that the plaintiff missed a rung while descending the ladder. By contrast, this is not a case where an issue of fact is raised as to whether plaintiff simply lost his balance [*2]or footing while working on a properly secured ladder (cf. Mitchell v City of New York, 169 AD3d 505 [1st Dept 2019], lv denied 34 NY3d 908 [2020]; Ellerbe v Port Auth. of N.Y. & N.J., 91 AD3d 441 [1st Dept 2012]; Buckley v J.A. Jones/GMO, 38 AD3d 461 [1st Dept 2007]). Indeed, plaintiff's fall was directly related to the work that he was performing, as opposed to his own misstep.
Moreover, there is no issue of fact regarding whether the falling sheetrock was an intervening superseding cause of the accident (see Montalvo, 8 AD3d at 175). Contrary to defendants' argument, the facts of this case are unlike Morera v New York City Tr. Auth. (182 AD3d 509 [1st Dept 2020]). In Morera, the plaintiff fell off a 24-foot ladder that was being held by a coworker after a ceiling tile hit the plaintiff, causing the ladder to tip backward onto a wall and the plaintiff to fall. An issue of fact existed as to whether the ceiling tile was an intervening superseding cause of the accident because the ceiling tile was "an unforeseeable external force that is unrelated to the work being performed" (id. at 510). Here, to the contrary, plaintiff's fall was directly related to the work that he was performing.
We reject defendants' unpersuasive argument that plaintiff provided inconsistent statements about how he fell merely because he gave a more detailed description of how the accident occurred at his deposition, as compared to his terse statement to his supervisor immediately after his fall. Plaintiff's statement to his supervisor that he fell because he lost his balance is consistent with his more detailed testimony regarding how he lost his balance and fell from the ladder after it moved (see Merino v Continental Towers Condominium, 159 AD3d 471, 473 [1st Dept 2018]). While plaintiff testified at his deposition that he fell from the 4th step of the ladder and the ambulance and hospital records reflect that plaintiff fell from the 3rd step, that discrepancy alone does not create an issue of fact. No credibility issue is presented because Labor Law § 240(1) was violated whether plaintiff fell from the 3rd or the 4th step of the ladder (see Ausby, 135 AD3d at 481).
Finally, there are no issues of fact as to whether plaintiff's own acts or omissions were the sole proximate cause of his accident or whether he was a recalcitrant worker. Defendants' expert averred that he could not "discount the fact that [p]laintiff's accident was caused by a loss of his balance that occurred when he dropped the . . . piece of [sheetrock] and threw his drill to the ground." Even if the accident occurred as the expert speculated, it does not support defendants' sole proximate cause argument where plaintiff's loss of balance was directly attributable to the work that he was performing. It is also of no moment whether the ladder shook prior to plaintiff's fall, or as defendants maintain, after plaintiff lost his balance and grabbed the top of it to steady himself. In either event, the [*3]ladder was an inadequate safety device for the work in question (see Nieto v CLDN NY LLC, 170 AD3d 431, 432 [1st Dept 2019]).
Plaintiff cannot be considered a recalcitrant worker because there is no evidence that the accident would have been averted had plaintiff used an available eight-foot ladder. Defendants attempt to raise an issue of fact by citing to the property manager's deposition testimony that the ceiling was somewhere between 11 to 12 feet above the floor. However, the property manager conceded he was not aware of where the accident occurred, other than in the tenant's space. Nor could his testimony have been referring to the ceiling on which plaintiff was working because the property manager testified that the ceiling height remained the same both before and after the work was done. Plaintiff's work involved the installation of sheetrock on a drop ceiling which hung below the existing structural ceiling.
The only relevant evidence concerning the height of the ceiling on which plaintiff was working comes from the deposition testimony of plaintiff and his supervisor. Plaintiff testified that that sheetrock that he was installing was "around ten foot" from the floor to the bottom of the beam. His supervisor testified that plaintiff was working on a ceiling that was "[a]pproximately 9.5 feet, 10 feet" from the ground. Based on that ceiling height, even defendants' expert opined that the six-foot ladder used by plaintiff "was an appropriate elevating device to perform the [sheetrock] installation that Plaintiff was engaged in at the time of the subject accident."THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021