Roman v Zapco 1500 Inv., L.P. (2022 NY Slip Op 03699)

Roman v Zapco 1500 Inv., L.P.

2022 NY Slip Op 03699

Decided on June 07, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 07, 2022

Before: Gische, J.P., Webber, Singh, González, Pitt, JJ. 

Index No. 156146/2017 Appeal No. 16090 Case No. 2021-01397 

[*1]Geigel Martinez Roman, Plaintiff-Appellant,
v
Zapco 1500 Investment, L.P., Defendant-Respondent.

Jaroslawicz & Jaros PLLC, New York (David Tolchin of counsel), for appellant.
Gilbert, McGinnis & Liferiedge, White Plains (Kevin J. McGinnis of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered December 23, 2020, which denied plaintiff's motion for summary judgment on the issue of liability on his Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff established prima facie that defendant is liable under Labor Law § 240(1) by submitting evidence that a 400-pound granite panel fell on him due to the absence of a safety device (see Wilinski v 334 E. 92nd Hous. Dev. Fund Corp., 18 NY3d 1, 10 [2011]; Gericitano v Brookfield Props. OLP Co. LLC, 157 AD3d 622, 622 [1st Dept 2018]). In opposition, defendant failed to raise a triable issue of fact as to whether plaintiff was the sole proximate cause of the accident. Defendant did not submit any evidence refuting plaintiff's testimony that his supervisor refused his request for a safety device (see Gove v Pavarini McGovern, LLC, 110 AD3d 601, 602-603 [1st Dept 2013]), and the affidavit by plaintiff's employer was insufficient to prove that a baker scaffold was readily available for plaintiff's use (see Gallagher v New York Post, 14 NY3d 83, 88 [2010]). The affidavit stated that the baker scaffold was maintained at the employer's office, and defendant did not refute plaintiff's claim that the office was located in Maspeth, Queens, and that the baker scaffold was never delivered to the jobsite in Manhattan. Most significantly, defendant did not submit any evidence rebutting the conclusion of plaintiff's expert that a baker scaffold was simply inappropriate for the job (see Miglionico v Bovis Lend Lease, Inc., 47 AD3d 561, 565 [1st Dept 2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 7, 2022