Asian v Flintlock Constr. Servs., LLC (2024 NY Slip Op 01335)

Asian v Flintlock Constr. Servs., LLC

2024 NY Slip Op 01335

Decided on March 14, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 14, 2024

Before: Webber, J.P., Oing, González, Kennedy, Shulman, JJ. 

Index No. 150767/18 Appeal No. 1843 Case No. 2023-01117 

[*1]Saul Asian, Plaintiff-Respondent,
v
Flintlock Construction Services, LLC, Defendant-Appellant, Lickeen Consulting Corp. et al., Defendants.
Flintlock Construction Services, LLC, Third-Party Plaintiff-Appellant,
v
Sky Materials Corp., Third-Party Defendant-Respondent.

Wood Smith Henning & Berman LLP, New York (Courtney L. Scharpf of counsel), for appellant.
Pollack, Pollack Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for Saul Asian, respondent.
Fabiani Cohen & Hall, LLP, New York (Kevin B. Pollack of counsel), for Sky Materials Corp., respondent.

Order, Supreme Court, New York County (William Perry, J.), entered August 2, 2022, which, insofar as appealed from, granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim and so much of the Labor Law § 241(6) claim as based on an alleged violation of Industrial Code (12 NYCRR) § 23-3.3(b)(4) as against defendant Flintlock Construction Services, LLC (Flintlock), and denied Flintlock's motion for summary judgment on its contractual indemnification claim against third-party defendant Sky Materials Corp. (Sky), unanimously modified, on the law, to grant Flintlock's motion for summary judgment on its claim for contractual indemnification against Sky, to the extent not barred by the anti-subrogation rule, and otherwise affirmed, without costs.
According to plaintiff's uncontroverted testimony, his supervisor instructed him to use a chipping hammer weighing about 70 to 100 pounds to break up bricks on top of a wall as part of a construction project involving the demolition of a building. Plaintiff initially performed this work while standing on a scaffold platform, but he complained to his supervisor that he was unable to perform the work in a comfortable or safe manner because the top of the wall was so far above the scaffold platform that he could not apply sufficient force to the bricks. The supervisor rejected plaintiff's request to raise the scaffold, instead telling plaintiff to finish the work while standing on top of the wall. Plaintiff testified that his use of the chipping hammer, while standing on top of the wall, created vibrations that caused him to slip and fall.
The court properly found that plaintiff's testimony established his entitlement to partial summary judgment on the issue of defendant's liability under Labor Law § 240(1). "[A]ny negligence on his part cannot be deemed to be the sole proximate cause" of his accident, as his conduct of performing the work while standing on top of the wall "was consistent with his employer's instructions" (Cuentas v Sephora USA, Inc., 102 AD3d 504, 505 [1st Dept 2013]; see Gove v Pavarini McGovern, LLC, 110 AD3d 601, 602-603 [1st Dept 2013]).
Since the court properly granted plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, Flintlock's arguments regarding plaintiff's Labor Law § 241(6) claim predicated on Industrial Code § 23-3.3(b)(4) are academic (see e.g. Cronin v New York City Tr. Auth., 143 AD3d 419, 420 [1st Dept 2016]).
The court should not have found an issue of fact as to whether the contract between Flintlock and Sky was in effect at the time of the accident. In response to Flintlock's notice to admit, Sky admitted that the contract was in effect on the date of the accident. The contract's broad indemnification provision was triggered by plaintiff's accident in the course of Sky's work (see Estevez v SLG 100 Park LLC, 215 AD3d 566, 570, 571 [1st Dept 2023]). Accordingly, defendant is "entitled to contractual indemnification [*2]to the extent not barred by the anti-subrogation rule" (Herrero v 2146 Nostrand Ave. Assoc., LLC, 193 AD3d 421, 424 [1st Dept 2021]; see Ging v F.J. Sciame Constr. Co., Inc., 193 AD3d 415, 418 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 14, 2024