Rosado v Bhavi Hotel LLC (2024 NY Slip Op 50580(U))

[*1]

Rosado v Bhavi Hotel LLC

2024 NY Slip Op 50580(U)

Decided on May 16, 2024

Supreme Court, Bronx County

Crawford, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 16, 2024
Supreme Court, Bronx County

Michael Rosado, Plaintiff,

against
Bhavi Hotel LLC and RHG CONSTRUCTION, LLC, Defendants.
BHAVI HOTEL LLC and RHG CONSTRUCTION, LLC, Third-Party Plaintiffs,
against
VALENTINE ELECTRIC, INC., Third-Party Defendant.

Index No. 27133/2020E

Ashlee Crawford, J.

Plaintiff Michael Rosado moves pursuant to CPLR § 3212 for partial summary judgment as to liability on his Labor Law § 240(1) claim asserted against defendants.
According to plaintiff, on November 5, 2018, he was working at the construction site of a new hotel, when the unsecured A-frame ladder on which he was standing shifted, causing him to fall to the floor and sustain various injuries. Defendant Bhavi Hotel LLC owned the building where the accident occurred, and defendant RHG Construction LLC was the general contractor who subcontracted plaintiff's employer, third-party defendant Valentine Electric, Inc., to perform [*2]electrical work.[FN1]

Discussion
A party seeking summary judgment "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Once this showing is made, the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of triable issues of fact (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "[M]ere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient" to defeat summary judgment (id.). Summary judgment is a drastic remedy and must be denied if there is any doubt as to the existence of a triable issue of material fact (Rotuba Extruders, Inc. v Ceppos, 46 NY2d 223, 231 [1978]).
Labor Law § 240(1) provides in relevant part that where a building is being erected, contractors and owners "shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." "The statute imposes upon owners, contractors and their agents a nondelegable duty that renders them liable regardless of whether they supervise or control the work" (Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433 [2015]). "[W]here an accident is caused by a violation of the statute, the plaintiff's own negligence does not furnish a defense; however, where a plaintiff's own actions are the sole proximate cause of the accident, there can be no liability" (id. [internal quotation marks omitted]). "Thus, in order to recover under section 240(1), the plaintiff must establish that the statute was violated and that such violation was a proximate cause of his injury" (id.). Labor Law § 240(1) is to be liberally construed so as to accomplish its legislative purpose of protecting workers (Stoneham v Joseph Barsuk, Inc., 41 NY3d 217, 221 [2023]; Rocovich v Consolidated Edison Co., 78 NY2d 509, 513 [1991]).
Plaintiff has established that, at the time of the accident, he was working alone in a room, standing on an eight-foot A-frame ladder provided by his employer, drilling holes and installing anchors in a wall about nine feet above the floor. While plaintiff stood on a rung of the ladder, he held on to the top of the ladder with his right hand and reached in front of him for his drill with his left hand. The ladder then shifted and plaintiff fell to the floor, sustaining injuries.
Plaintiff has met his prima facie burden under Labor Law § 240(1). It is undisputed that defendants, as owner and general contractor, are subject to the nondelegable duties imposed by the statute. Further, plaintiff proved that the ladder afforded insufficient protection from falls while he was engaged in a covered activity, and that his injuries were proximately caused by a violation of Labor Law § 240(1)(see Pinzon v Royal Charter Props., Inc., 211 AD3d 442, 443 [1st Dept 2022]; Ping Lin v 100 Wall St. Prop. LLC, 193 AD3d 650, 651 [2021]; Sacko v New York Hous. Auth., 188 AD3d 546, 546-47 [1st Dept 2020]).
In opposition, defendants question whether the ladder actually shifted, and whether plaintiff was the sole proximate cause of his accident by leaning too far over while reaching for his drill. They distinguish the cases relied on by plaintiff and maintain that Blake v Neighborhood Hous. Servs. of NY City (1 NY3d 280, 284 [2003]) is on point, since, they claim, there was no defect in the ladder, the ladder was stable, and there was no reason for plaintiff to fall other than his own actions. Defendants also assert that plaintiff's testimony at his deposition differs from his account immediately after the accident.
"To raise a triable issue of fact as to whether plaintiff was the sole proximate cause of an accident, the defendant must produce evidence that adequate safety devices were available, that the plaintiff knew they were available and was expected to use them, and that the plaintiff unreasonably chose not to do so, causing the injury sustained" (Nacewicz v Roman Catholic Church of the Holy Cross, 105 AD3d 402, 402-03 [1st Dept 2013]). Defendants fail to raise an issue of fact as to whether plaintiff was the sole proximate cause of his accident, because they do not present evidence that the appropriate equipment was available to plaintiff and that he chose not to use it (Sacko v New York Hous. Auth., 188 AD3d at 547; Pierrakeas v 137 East 38th Street LLC, 177 AD3d 574, 575 [1st Dept 2019]). It is undisputed that no safety devices were provided to prevent the ladder from shifting or toppling over while in use (Nacewicz v Roman Catholic Church of the Holy Cross, 105 AD3d at 403 ["It is well settled that failure to properly secure a ladder to insure that it remains steady and erect while being used, constitutes a violation of Labor Law § 240(1)"]; see also Pierrakeas v 137 East 38th Street LLC, 177 AD3d at 574-75). Whether the ladder was in good working order is legally unavailing on summary judgment, because plaintiff established that the ladder did not offer adequate protection from falls, and he was not required to prove its defectiveness in order to satisfy his prima facie burden (Ping Lin v 100 Wall St. Prop. LLC, 193 AD3d at 651; Rodriguez v BSREP UA Heritage LLC, 181 AD3d 537 [1st Dept 2020]; Sacko at 547; Fletcher v Brookfield Properties, 145 AD3d 434 [1st Dept 2016]). Defendants' assertion that plaintiff caused his own injuries by leaning too far over does not refute that the ladder shifted and, at most, would establish comparative negligence, which is not a defense to liability under Labor Law § 240(1)(see Ladd v Thor 680 Madison Ave. LLC, 212 AD3d 107, 114 [1st Dept 2022]; Concepcion v 333 Seventh LLC, 162 AD3d 493, 494 [1st Dept 2018]; Fletcher v Brookfield Properties, 145 AD3d at 434; see also Jarzabek v Schafer Mews Hous. Dev. Fund Corp., 160 AD3d 412, 413 [1st Dept 2018]). 
Finally, the Court is unpersuaded that plaintiff provided inconsistent statements about the circumstances of the accident (Ping Lin v 100 Wall St. Prop. LLC, 193 AD3d at 652). 
For the foregoing reasons, it is hereby
ORDERED that plaintiff's motion for partial summary judgment as to liability on his Labor Law § 240(1) claim, asserted against defendants Bhavi Hotel LLC and RHG Construction LLC, is GRANTED; and it is further
ORDERED that the clerk shall set this matter down for a pre-trial conference to take place within 30 days of entry of this order.
ENTER:
[*3]HON. ASHLEE CRAWFORD, A.J.S.C.
Dated: May 16, 2024
Bronx, New York

Footnotes

Footnote 1:The third-party claims have been discontinued.