## Calegari v Rinaldi Group, LLC

2025 NY Slip Op 31613(U)

May 5, 2025

Supreme Court, New York County

Docket Number: Index No. 150671/2021

Judge: Mary V. Rosado

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. MARY V. ROSADO**                  PART                33M

                                           *Justice*

-----------------------------------------------------------------------X

SILVERIO ROCHA CALEGARI,

|  |  |
|---|---|
| INDEX NO. | 150671/2021 |
| MOTION DATE | 05/31/2024 |
| MOTION SEQ. NO. | 002 |

               Plaintiff,

- v -

THE RINALDI GROUP, LLC,106 WEST 56TH  STREET
PROPERTY INVESTORS III, LLC,

               Defendant.

**DECISION + ORDER ON
MOTION**

-----------------------------------------------------------------------X

THE RINALDI GROUP, LLC

               Plaintiff,

-against-

MDB DEVELOPMENT CORP.

               Defendant.

Third-Party
Index No.  595507/2021

-----------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 78, 81, 82, 83, 84, 85, 88

were read on this motion to/for _____JUDGMENT - SUMMARY_____.

     Upon the foregoing documents, and after oral argument, which took place on February 25,

2025, where Julio Cesar Roman, Esq. appeared for Plaintiff Silverio Rocha Calegari ("Plaintiff"),

Dennis S. Heffernan, Esq. appeared for  Defendants The Rinaldi Group, LLC ("Rinaldi"), and 106

West 56th Street Property Investors III, LLC ("106 West 56th Street"), and Carl A. Formicola, Esq.

appeared for Third-Party Defendant MDB Development Corp., Plaintiff's motion for summary

judgment on the issue of liability with respect to his Labor Law §§ 240(1) and 241(6) claims is

granted in part and denied in part.

## I.      Background

On December 2, 2020, Plaintiff was employed by MDB Development Corp. as a mason employing stucco at a construction site at 106 West 56th Street, New York, New York (the "Site") (NYSCEF Doc. 65 at 32; 35). Defendant 106 West 56th owned the Site, while Rinaldi was the general contractor and MDB Development Corp. was a subcontractor (NYSCEF Doc. 68 at 24-25). Plaintiff moved materials back and forth from sidewalk bridge to the second floor using a makeshift wooden ladder (NYSCEF Doc. 65 at 47-48). Plaintiff was climbing the ladder when the ladder, which he testified was unsecured, moved and Plaintiff fell (*Id.* at 57). Plaintiff's supervisor, Nicholas Fiorello, testified the ladder was the only way to access the second floor and that it was provided by Rinaldi (NYSCEF Doc. 71 at 32). Mr. Fiorello could not recall whether the ladder was properly secured on the date of Plaintiff's accident (*Id.* at 28) and he testified that because the ladder was provided by Rinaldi, MDB did not inspect it (*Id.* at 50). An incident report authored by Mr. Fiorello stated that Plaintiff slipped on the ladder, however Mr. Fiorello could not remember the source of this information and he personally did not observe Plaintiff fall (*Id.* at 71-72). In this motion, Plaintiff moves for partial summary judgment with respect to the issue of liability on his Labor Law §§ 240(1) and 241(6) claims. Rinaldi and 106 West 56th Street oppose.

## II.      Discussion

"Summary judgment is a drastic remedy, to be granted only where the moving party has tendered sufficient evidence to demonstrate the absence of any material issues of fact." (*Vega v Restani Const. Corp.,* 18 NY3d 499, 503 [2012]). Once this showing is made, the burden shifts to the party opposing the motion to produce evidentiary proof, in admissible form, sufficient to establish the existence of material issues of fact which require a trial (*See e.g., Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The Court of Appeals has instructed Courts to interpret

150671/2021   CALEGARI, SILVERIO ROCHA vs. RINALDI GROUP, LLC                    Page 2 of 5
Motion No. 002

2 of 5

Labor Law §240(1) liberally to accomplish its purpose of ensuring workers are properly protected against elevation related hazards (*Zimmer v Chemung County Performing Arts, Inc.*, 65 NY2d 513 [1985]).

Plaintiff's motion for summary judgment on the issue of liability with respect to his Labor Law § 240(1) claim is granted. There is no dispute that Defendants are proper Labor Law defendants. Nor is there any dispute that Plaintiff was engaged in construction work coming within the ambit of Labor Law § 240(1). There is uncontroverted testimony from Plaintiff that he fell after the makeshift ladder he was using moved while ascending from one floor to the next. When a makeshift unsecured ladder moves or shifts, there is a prima facie violation of Labor Law § 240(1) (*see Sanchez v MC 19 East Houston LLC*, 216 AD3d 443, 443 [1st Dept 2023]). Plaintiff was not required to show the ladder was defective to establish his prima facie entitlement to summary judgment under Labor Law § 240(1) (*see Rodas-Garcia v NYC United* LLC, 225 AD3d 556, 556 [1st Dept 2024]; *Lin v 100 Wall Street Property LLC*, 193 AD3d 650, 651 [1st Dept 2021]). Moreover, no party disputes that the makeshift ladder was only secured by rope on one side, but the other side of the ladder remained unsecured, allowing it to move and cause Plaintiff's fall. Indeed, when asked, Mr. Fiorello, Plaintiff's supervisor, could not recall whether the ladder was properly secured. That the ladder did not move on prior occasions does not negate Plaintiff's uncontroverted testimony that at the time of his accident, he fell because the unsecured ladder moved.

Where there is a prima facie violation, it is impossible for a plaintiff to be considered the sole proximate cause of his accident (*Suazo v 501 Madison-Sutton LLC*, 235 AD3d 513 [1st Dept 2025]). Nor do any issues of Plaintiff's comparative negligence preclude summary judgment on the issue of liability with respect to his Labor Law § 240(1) claim (*Rodriguez v City of New York*,

150671/2021 CALEGARI, SILVERIO ROCHA vs. RINALDI GROUP, LLC
Motion No. 002

Page 3 of 5

31 NY3d 312 [2018]). Moreover, the Defendants' reliance on their expert affidavit is insufficient to raise an issue of fact where the Defendants' expert did not examine the ladder or location of Plaintiff's accident, and instead relies on undated photographs of the ladder and merely resorts to attacking Plaintiff's expert affidavit as speculative (*Rivera v 712 Fifth Ave. Owner LP*, 229 AD3d 401, 403 [1st Dept 2024] citing *Ciborowski v 228 Thompson Realty, LLC*, 189 AD3d 428 [1st Dept 2020]). Further, to the extent Defendants' expert attacks Plaintiff's expert's conclusions, that is insufficient to deny summary judgment as Plaintiff is not required to produce expert testimony to show a *prima facie* entitlement to summary judgment under Labor Law § 240(1) (*Jara-Salazar v 250 Park, LLC*, 231 AD3d 674, 674 [1st Dept 2024]). Likewise, the accident report which Defendants rely on, which is not annexed as an exhibit, contains hearsay, and was allegedly translated from Spanish to English but there was never any translator's affidavit produced, making it insufficient to defeat summary judgment (*Nava-Juarez v Mosholu Fieldston Realty, LLC*, 167 AD3d 511 [1st Dept 2018]).

Therefore, Plaintiff is entitled to summary judgment on his Labor Law § 240(1) claim. Plaintiff's motion for summary judgment on their Labor Law § 241(6) claim is denied as academic (*see Perez v 1334 York, LLC*, 234 AD3d 455, 457 [1st Dept 2025]).

Accordingly, it is hereby,

ORDERED that Plaintiff's motion for summary judgment is granted in part and denied in part; and it is further

ORDERED that Plaintiff's motion for summary judgment is granted to the extent that he is granted summary judgment on the issue of liability with respect to his Labor Law §240(1) claim against Defendants The Rinaldi Group, LLC, and 106 West 56th Street Property Investors III, LLC; and it is further

**150671/2021 CALEGARI, SILVERIO ROCHA vs. RINALDI GROUP, LLC** **Page 4 of 5**
Motion No. 002

4 of 5

[* 4]

ORDERED that Plaintiff's motion for summary judgment with respect to his Labor Law §241(6) claim is denied as academic; and it is further

ORDERED that within ten days of entry, counsel for Plaintiff shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

| | |
|---|---|
| **5/5/2025** | _Mary V Rosado JSC_ |
| DATE | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

150671/2021   CALEGARI, SILVERIO ROCHA vs. RINALDI GROUP, LLC          Page 5 of 5
Motion No.  002

5 of 5