Daniello v J.T. Magen & Co. Inc. (2025 NY Slip Op 03649)

Daniello v J.T. Magen & Co. Inc.

2025 NY Slip Op 03649

Decided on June 17, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 17, 2025

Before: Manzanet-Daniels, J.P., Webber, Kapnick, Higgitt, Michael, JJ. 

Index No. 158947/19, 595110/22|Appeal No. 4593|Case No. 2024-05100|

[*1]Thomas Daniello, Plaintiff-Appellant,
v
J.T. Magen & Company Inc., Defendant, 770 Broadway Owner LLC, et al., Defendants-Respondents.
L&K Partners, Inc., Third-Party Plaintiff-Respondent,
v
United States Information Systems, Inc., et al., Third-Party Defendants.

Kazmierczuk & McGrath, Forest Hills (Joseph Kazmierczuk of counsel), for appellant.
Katz & Rychik P.C., New York (Abe M. Rychik of counsel), for 770 Broadway Owner LLC, and Facebook, Inc., respondents.
Nicoletti Hornig & Sweeney, New York (Jeremy Bernfeld of counsel), for L & K Partners, Inc., respondent.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered July 16, 2024, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing plaintiff's Labor Law § 240(1) claim, and denied plaintiff's motion for partial summary judgment on the same claim, unanimously reversed, on the law, without costs, defendants' motion denied, and plaintiff's motion granted.
Plaintiff established prima facie entitlement to summary judgment on the Labor Law § 240(1) claim through his deposition testimony which showed that the A-frame ladder he was using to perform overhead ceiling-wiring work proved inadequate as a safety device (see Ping Lin v 100 Wall St. Prop. L.L.C., 193 AD3d 650, 651 [1st Dept 2021]). Furthermore, we have repeatedly held that "'[i]t is irrelevant that plaintiff inspected the ladder and found it to be in good order before using it, as [a] plaintiff is not required to demonstrate that the ladder was defective in order to make a prima facie showing of entitlement to summary judgment on his Labor Law 240(1) claim'" (Rodas-Garcia v NYC United LLC, 225 AD3d 556, 556 [1st Dept 2024], quoting Pinzon v Royal Charter Props., Inc., 211 AD3d 442, 443 [1st Dept 2022]). Plaintiff testified that he was using both hands to perform the overhead ceiling work, when he was suddenly "jolted" by an unexpected drop of a ceiling tile that he was handling, resulting in a "wiggle" in the ladder, which preceded his loss of balance and eventual fall, as there was nothing available for plaintiff to grab onto to brace himself against a fall.
Defendants fail to raise an issue of fact. Contrary to their contention, plaintiff's fall from the ladder was "directly related to the work that he was performing, as opposed to his own misstep" or an unexplained loss of balance (Ping Lin, 193 AD3d at 652). To the extent defendants argue that the ladder did not fall until plaintiff first lost his balance, such argument does not, based on the facts here, show that the ladder was an adequate safety device for plaintiff's task (see id. at 653 [It is "no moment whether the ladder shook prior to plaintiff's fall, or as defendants maintain, after plaintiff lost his balance and grabbed the top of it to steady himself. In either event, the ladder was an inadequate safety device"]).
Based on the foregoing, plaintiff is entitled to partial summary judgment on his Labor Law § 240(1) claim.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 17, 2025