Eisner v Posillico Civ., Inc. (2025 NY Slip Op 05455)

Eisner v Posillico Civ., Inc.

2025 NY Slip Op 05455

Decided on October 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 07, 2025

Before: Manzanet-Daniels, J.P., Kennedy, Shulman, Mendez, Hagler, JJ. 

Index No. 21449/20|Appeal No. 4880|Case No. 2024-05122|

[*1]John Eisner, Plaintiff-Respondent,
v
Posillico Civil, Inc., Defendant-Appellant, STV Incorporated, et al., Defendants.
Posillico Civil, Inc., Third-Party Plaintiff-Appellant,
v
Northeast Structural Steel, Inc., Third-Party Defendant-Respondent.

Farber Brocks & Zane LLP, Garden City (Lester Chanin of counsel), for appellant.
Sacks & Sacks, LLP, New York (Scott N. Singer of counsel), for plaintiif-respondent.

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered July 17, 2024, which granted plaintiff's motion seeking summary judgment on his Labor Law §§ 240(1) and 241(6) claims, unanimously affirmed, without costs.
Plaintiff's testimony established prima facie that defendants failed to provide a safety device to ensure that the ladder would be stable while plaintiff used it to perform his statutorily covered work. Plaintiff was not required to show that the ladder itself was defective (Labor Law § 240[1]; see e.g. Sacko v New York City Hous. Auth., 188 AD3d 546, 547 [1st Dept 2020]; Pierrakeas v 137 E. 38th St. LLC, 177 AD3d 574, 574-575 [1st Dept 2020]).
In opposition, defendants failed to raise an issue of fact. That the incident reports defendants prepared described the accident as a fall from ladder, without further details, does not defeat plaintiff's claim (see Ping Lin v 100 Wall St. Prop., L.L.C., 193 AD3d 650, 652 [1st Dept 2021]). Defendants' assertion that it was the "general consensus" of unnamed individuals on site that plaintiff was the cause of his own accident because he was carrying burn blankets and did not maintain three-point contact with the ladder is speculative with no support in the record, and thus insufficient to rebut plaintiff's showing (see Castillo v TRM Contr. 626, LLC, 211 AD3d 430, 431 [1st Dept 2022]).
Plaintiff's Labor Law § 241(6) claim is academic in light of the grant of partial summary judgment on his Labor Law § 240(1) claim (see e.g. Malan v FSJ Realty Group II LLC, 213 AD3d 541, 542 [1st Dept 2023]; Howard v Turner Constr. Co., 134 AD3d 523, 524 [1st Dept 2015]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 7, 2025