Pilapanta v Hudson 888 Owner, LLC (2025 NY Slip Op 06035)

Pilapanta v Hudson 888 Owner, LLC

2025 NY Slip Op 06035

Decided on October 30, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 30, 2025

Before: Moulton, J.P., Gesmer, González, Higgitt, Michael, JJ. 

Index No. 152726/20 595476/20|Appeal No. 5080|Case No. 2024-06417|

[*1]Jose Pilapanta, Plaintiff-Appellant,
v
Hudson 888 Owner, LLC, et al., Defendants-Respondents,
Hudson 888 Owner, LLC, et al., Third-Party Plaintiffs-Respondents,
v
USA Interiors, LLC, Third-Party Defendant-Respondent, YGJ Tapers, LLC, Third-Party Defendant.

Gorayeb & Associates, P.C., New York (Jonathan D. Moran of counsel), for appellant.
Kahana & Feld LLP, New York (Marina A. Barci of counsel), for USA Interiors, LLC, respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about September 12, 2024, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for partial summary judgment on the Labor Law § 240(1) claim, unanimously reversed, on the law, without costs, and the motion granted. Plaintiff alleges that he was drilling metal framing material into the ceiling with both of his feet on the fourth step of an A-frame ladder, when he felt the ladder suddenly move and fall for an unknown reason, causing him to fall with it. Defendants' superintendent testified that he was notified of the accident a few minutes after it occurred and that when he arrived at the scene, he found plaintiff lying on the floor and the ladder standing upright.
The court incorrectly found that plaintiff's testimony was insufficient to satisfy his initial burden, relying on a distinguishable case where "[n]o evidence was submitted that the ladder moved out of position, so as to indicate that it was inadequately secured" (Joseph v 210 W. 18th, LLC, 189 AD3d 1384, 1385 [2d Dept 2020]). Here, plaintiff testified that the ladder was locked and stable but suddenly moved for no apparent reason, causing him to fall off the ladder, which raised the presumption of a Labor Law § 240(1) violation (see Rom v Eurostruct, Inc., 158 AD3d 570, 571 [1st Dept 2018]; see also Ping Lin v 100 Wall St. Prop. L.L.C., 193 AD3d 650, 651 [1st Dept 2021]; Soriano v St. Mary's Indian Orthodox Church of Rockland, Inc., 118 AD3d 524, 526 [1st Dept 2014]).
Defendants failed to raise a triable issue of fact in rebuttal. Plaintiff's medical record does not contradict plaintiff's consistent testimony that he fell because the ladder suddenly moved (see Rodas-Garcia v NYC United LLC, 225 AD3d 556, 557 [1st Dept 2024]). Plaintiff's supervisor's testimony that the ladder was still standing when he arrived at the scene of the accident does not undermine plaintiff's proof that the ladder
shifted unexpectedly, causing him to fall, and that it was therefore not an adequate safety device for the task at hand (see Hoxhaj v West 30th HL LLC, 195 AD3d 503, 504 [1st Dept 2021]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 30, 2025