Carranza-Rafael v LRC Constr. LLC
2026 NY Slip Op 03728
June 11, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Hilmer German Carranza-Rafael, Plaintiff-Respondent,
v
LRC Construction LLC, et al., Defendants-Appellants. [And a Third-Party Action]

Decided and Entered: June 11, 2026
Index No. 34910/20|Appeal No. 6859-6860|Case No. 2025-02619, 2025-04557|
Before: Manzanet-Daniels, J.P., González, Higgitt, Michael, Chan, JJ.

Smith Mazure, P.C., New York (Louise M. Cherkis of counsel), for appellants.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for respondent.

[*1]
Order, Supreme Court, Bronx County (Erik L. Gray, J.), entered March 27, 2025, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on liability on his Labor Law § 240(1) claim, unanimously affirmed, without costs. Order, same court and Justice, entered May 1, 2025, which denied defendants' motion for leave to amend their answer to add an affirmative defense of fraud, unanimously affirmed, without costs.
Plaintiff alleges that he was injured in a fall from a ladder while doing sheetrock work. According to plaintiff's deposition testimony, he was nailing down the sheetrock while standing on an 8-to-10-foot A-frame ladder when the ladder suddenly started moving to one side. Plaintiff testified that he felt as though he was falling backwards and tried to hold onto a piece of metal that was on the wall, but was unable to steady himself and fell from the ladder to the ground, injuring his neck and his back and cutting his left hand on the metal frame.
Plaintiff established prima facie entitlement to summary judgment on his Labor Law § 240(1) claim by submitting his deposition testimony, which established that he fell from an unsecured ladder while installing sheetrock. This evidence is sufficient to demonstrate a violation of Labor Law § 240(1) (see Ping Lin v 100 Wall St. Prop. L.L.C., 193 AD3d 650, 651 [1st Dept 2021]; Rom v Eurostruct, Inc., 158 AD3d 570, 571 [1st Dept 2018]). To make a prima facie showing, plaintiff was not required to demonstrate that the ladder was defective (Rodas-Garcia v NYC United LLC, 225 AD3d 556, 556 [1st Dept 2024]), nor was he required to identify the precise reason the ladder moved (see Martinez v ST-DIL LLC, 192 AD3d 511, 512-513 [1st Dept 2021]).
Defendants' opposition failed to raise a triable issue of fact. Defendants submitted an affidavit from Jose Delgado-Sanchez, a master carpenter who was working with plaintiff on the day of the accident. However, the affidavit, which was translated from Spanish to English, was inadmissible because it was not accompanied by an affidavit of the translator attesting to his or her qualifications and to the accuracy of the translation, and thus failed to comply with CPLR 2101(b) (see Richards v Walls, 238 AD3d 524, 524 [1st Dept 2025]). In any event, even if the affidavit were admissible, it would not serve to defeat plaintiff's motion, as it did not raise a triable issue of fact (see Ping Lin, 193 AD3d at 651 [discrepancy in the descriptions of the size of the ladder was immaterial as a fall from either height implicated the statute]; Reavely v Yonkers Raceway Programs, Inc., 88 AD3d 561, 562, 565 [1st Dept 2011] [statute permits recovery where a worker is injured while trying to prevent a fall]).
[*2]
Defendants' submission of incident/accident reports from plaintiff's employer N&J Drywall Corp. and general contractor LRC Construction LLC also fails to raise any issues of fact. Although Delgado-Sanchez averred in his affidavit that he had prepared the N&J incident report, the affidavit was inadmissible for the reasons already stated, and therefore could not be used to authenticate the N&J incident report. As to the LRC Construction accident report, even assuming that it was properly qualified as a business record, it consisted of hearsay and lacked a proper evidentiary foundation. The statements in that report were not directly attributable to plaintiff, and the LRC employee who purported to authenticate the report did not speak directly to plaintiff or to the person who prepared the report and had no personal knowledge of the accident (see Rivera v 712 Fifth Ave. Owner LP, 229 AD3d 401, 402-403 [1st Dept 2024]).
Supreme Court providently exercised its discretion in denying defendants' motion for leave to amend its answer to assert an affirmative defense of fraud based on a Racketeer Influenced and Corrupt Organization (RICO) complaint against plaintiff's law firm and some of his medical providers, filed in federal court on September 6, 2024. The fraud defense was palpably insufficient because plaintiff is not a defendant in the RICO case and there is no indication that he knowingly made any material misrepresentations about his injuries (see Linares v City of New York, 233 AD3d 479, 480 [1st Dept 2024]; see also Santacruz v 58 Gerry St LLC, 246 AD3d 600, 600 [1st Dept 2026]). Moreover, Supreme Court providently exercised its discretion in declining to consider defendants' amended opposition because it was submitted after plaintiff's reply and without leave of court (see 22 NYCRR 202.8-c).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 11, 2026