Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered March 29, 2012, which, to the extent appealed from as limited by the briefs, denied plaintiff’s motion and defendants’ cross motion for partial summary judgment on the issue of Labor Law § 240 (1) liability, granted defendants’ cross motion for summary judgment dismissing plaintiff’s claim alleging a violation of Labor Law § 241 (6) insofar as predicated on violations of 12 NYCRR 23-1.7 (d) and (e), but denied defendants summary judgment insofar as predicated on 12 NYCRR 23-1.7 (b), unanimously affirmed, without costs. Order, same court and Justice, entered June 5, 2012, which granted plaintiffs motion to reargue the grant of summary judgment to defendants dismissing his common law negligence and Labor Law § 200 causes of action, and his Labor Law § 241 (6) cause of action *581 insofar as it was predicated on violations of 12 NYCKR 23-1.7 (e), and, upon reargument, reinstated the Labor Law § 200 and common law negligence causes of action as against defendant Bovis, and otherwise adhered to its prior decision, unanimously affirmed, without costs.
On March 9, 2009, plaintiff was working as a carpenter for non-party Pinnacle Industries at a construction site located at 60 Riverside Boulevard in Manhattan. At the time of plaintiffs accident, defendant CRP/RAR III Parcel J, LP (CRP) owned the site and Bovis Lend Lease, Inc., (Bovis) operated it as construction manager for the project.
According to his deposition testimony, at the end of his work day, plaintiff was allegedly walking toward the central elevator shaft, the sole means for workers to access the various floors of the building that lacked stairs, when he tripped on excess material of a tarpaulin hanging to permit the drying of cement. Plaintiff claims that he fell partially into the elevator shaft, and fractured his kneecap as he successfully pulled himself back up to the floor.
While plaintiff has testified that he tripped on a piece of excess tarpaulin and fell partially into the elevator shaft, and has alleged that there were no guardrails or other safety protections around it, this is contradicted by his supervisor, who testified that plaintiff told him he tripped and fell after he had stepped off a ladder and had ascended to the floor on which the tarp was located. The supervisor also described a wooden guardrail on the sides of the ladders. Based on this conflicting testimony, there are questions of fact concerning whether the accident falls within the ambit of Labor Law § 240 (1); whether Labor Law § 241 (6) liability may be imposed for a violation of Industrial Code (12 NYCRR) § 23-1.7 (b), concerning hazardous openings; and whether Bovis, the general contractor, had actual or constructive notice of the hazardous opening sufficient to impose liability under Labor Law § 200 and common law negligence.
We have considered the parties’ remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Moskowitz, Abdus-Salaam and Feinman, JJ. [Prior Case History: 2012 NY Slip Op 30789(U).]