Rivera v Suydam 379 LLC (2023 NY Slip Op 02596)

Rivera v Suydam 379 LLC

2023 NY Slip Op 02596

Decided on May 11, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 11, 2023

Before: Oing, J.P., Singh, González, Kennedy, Scarpulla, JJ. 

Index No. 154555/18 Appeal No. 239 Case No. 2022-00393 

[*1]William Rivera, Plaintiff-Appellant,
v
Suydam 379 LLC, et al., Defendants-Respondents, Atlantic Steel Solutions, Defendant. [And a Third-Party Action]

Ginarte Gallardo Gonzalez & Winograd, LLP, New York (David B. Franklin of counsel), for appellant.
Alahverdian Van Leuvan, P.C., Bethpage (Gerard Van Leuvan of counsel), for Suydam 379 LLC, respondent.
Kinney Lisovicz Reilly & Wolff P.C., New York (Jonathan P. Altman of counsel), for Blueberry Builders LLC, respondent.

Order, Supreme Court, New York County (Arlene Bluth, J.), entered on or about December 23, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for summary judgment as to liability on his Labor Law §§ 240(1) and 241(6) claims as against defendants Suydam 379 LLC and Blueberry Builders LLC, unanimously affirmed, without costs.
Plaintiff sustained injuries while performing construction work involving the replacement of the wooden beams of a roof. He testified that he fell from an unsecured 12-foot A-frame ladder when the ladder shifted as he attempted to place a wooden beam he was carrying onto the platform of the scaffold that was used to access the roof area. Plaintiff further testified that he was required to stand on the top rung of the ladder because the ladder was too short to enable him to reach the platform, which was approximately 16 feet high.
Plaintiff's testimony established prima facie entitlement to partial summary judgment on his Labor Law § 240(1) claim, as it showed that the ladder did not provide adequate protection for plaintiff's work (see Ping Lin v 100 Wall St. Prop. L.L.C., 193 AD3d 650, 651 [1st Dept 2021]; Cuentas v Sephora USA, Inc., 102 AD3d 504, 504 [1st Dept 2013]). Plaintiff was not required to prove that the ladder was defective to make a prima facie showing (see Estrella v GIT Indus., Inc., 105 AD3d 555, 555 [1st Dept 2013]). That plaintiff may have been the sole witness to the accident does not preclude summary judgment in the absence of evidence controverting his account of the accident or calling into question his credibility (see Rroku v West Rac Contr. Corp., 164 AD3d 1176, 1177 [1st Dept 2018]).
In opposition, defendants raised a triable issue of fact as to whether plaintiff was the sole proximate cause of his injuries. The testimony of the site superintendent that he instructed plaintiff and his coworkers to use the scaffold's built-in ladder instead of the A-frame ladder to ascend the scaffold, and to tie off and use the fall protection equipment provided, raised questions of fact as to whether adequate safety devices were available for plaintiff's use, and whether plaintiff knew he was expected to use them but chose not to for no good reason (Biaca-Neto v Boston Rd. II Hous. Dev. Fund Corp., 34 NY3d 1166, 1167-1168 [2020]). The site superintendent's testimony that he directed plaintiff to tie off the ladder the morning of the accident also raised a question of fact as to whether plaintiff disregarded those instructions (see Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39-40 [2004]).
As to the Labor Law § 241(6) claim, Industrial Code (12 NYCRR) § 23-1.21(b)(4)(ii), which requires that ladder footings be firm, is inapplicable, as nothing in the record indicates that the ladder had problems with its feet or that the ladder's footing rested on a slippery or unsafe surface (see Campos v 68 E. 86th St. Owners Corp., 117 AD3d 593, 594 [1st Dept 2014]). The record[*2], however, raises a triable issue of fact as to whether Industrial Code § 23-1.21(b)(4)(iv), which requires the securing of "leaning ladder[s]," was violated. Plaintiff's deposition testimony was ambiguous and contradictory as to whether the ladder was closed and leaning against the scaffold, or opened and locked, at the time of the accident.
We have reviewed plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2023