**Singh v Thor-Go 120-125 Riverside LLC**

2024 NY Slip Op 32411(U)

July 12, 2024

Supreme Court, New York County

Docket Number: Index No. 157624/2018

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. DAVID B. COHEN**                    PART                    58

*Justice*

-------------------------------------------------------------------------------X

NIRMAL SINGH,

|  |  |  |
|---|---|---|
| INDEX NO. | 157624/2018 |
| MOTION DATE | 12/12/2023 |
| MOTION SEQ. NO. | 001 002 |

Plaintiff,

- v -

THOR-GO 120-125 RIVERSIDE LLC, *et al.*,

**DECISION + ORDER ON MOTION**

Defendants.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 105, 107, 108, 109, 118, 119, 121, 126

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 104, 106, 110, 111, 112, 113, 114, 115, 116, 117, 120, 122, 123, 124, 125, 127, 128

were read on this motion to/for                    JUDGMENT - SUMMARY                    .

In this Labor Law action, defendant Thor-Go 12-125 Riverside LLC moves pursuant to

CPLR 3212 for an order granting it summary judgment and dismissing plaintiff's common-law

negligence and Labor Law § 200 claims, as well as his Labor Law § 241(6) claim premised on

violations of 12 NYCRR 23-1.7(e)(1) and (2), and granting it judgment on its cross-claims for

common-law and contractual indemnity against defendant Shalbro Construction Group LLC

(mot. seq. 001).  Plaintiff and Shalbro oppose.

Shalbro moves for an order dismissing plaintiff's claims against it (mot. seq. 002).

Plaintiff opposes and cross-moves for summary judgment against defendants on his Labor Law

§§ 240(1) and 241(6) claims.  Defendants oppose.

**157624/2018  SINGH, NIRMAL vs. THOR-GO 120-125 RIVERSIDE LLC**                    **Page 1 of 8**
**Motion No.  001 002**

1 of 8

[* 1]

## I.       PERTINENT BACKGROUND

### A.       Plaintiff's deposition (NYSCEF 92)

On August 10, 2018, plaintiff was performing construction work at a building located at 125 Riverside Drive in Manhattan (premises), and working for Shallu Construction, a subcontractor on the project at issue. At the site, plaintiff was given work instructions only by his foreman, and all work materials were provided by Shallu; no safety equipment was provided. He began working at the site approximately four or five days before his accident. His work involved exterior stone and tile, removing old stones and replacing them with new stones.

A sidewalk bridge was installed around the building, with pipes holding it up, scaffolding above it, and an opening in it for a fire escape ladder, which was not present at the time of the accident. Plaintiff was expected to work on different floors, and was told by his foreman/supervisor to climb the pipes of the sidewalk bridge to get on the scaffolding in order to get to the upper floors. All of Shallu's employees climbed the pipes the same way as he had been instructed to do.

No one told plaintiff that there were other ways to access the upper floors that did not involve climbing the pipes. There were no ladders available, and when plaintiff asked his foreman about climbing the pipes, he was told it was the only way to access the upper floors and if he did not want to do it, he could leave the site.

The day of the accident, plaintiff began climbing the pipes to get to an upper floor to do his work for the day. As plaintiff attempted to climb through the opening in the scaffolding, his foot slipped and he fell, injuring himself.

**157624/2018   SINGH, NIRMAL vs. THOR-GO 120-125 RIVERSIDE LLC**          **Page 2 of 8**
**Motion No.  001 002**

2 of 8

### B. Thor-Go deposition (NYSCEF 94)

The superintendent of the building, who worked for MGT Management, testified that there was ongoing construction work at the building since 2016. Thor-Go owned the premises, and hired Shalbro as the renovation contractor in charge of the construction; Shalbro hired Shallu as a subcontractor. He did not have any involvement with Shalbro's work other than providing it with emergency access to parts of the building.

The building had access to the roof and higher floors via internal elevators. While he saw that there was a fire escape ladder in the opening of the sidewalk bridge, he never saw it retracted or brought down.

He knew that workers were using the opening in the bridge to access the second floor, which he deemed to be safer and quicker than going to the roof on the ninth floor and then working their way down the building. He found it unusual that the workers were climbing the scaffolding to get to the second floor.

### C. Shallu deposition (NYSCEF 96)

A witness testified that he worked for Shallu Construction at the time of plaintiff's accident. Shallu and Shalbro were companies owned by the same family. Shalbro was the company that installed the sidewalk bridge at issue. The witness worked as Shallu's foreperson at the site.

As far as he knew and had been told by other employees at the site, no one was using the scaffold posts or framing to climb through the opening, and the fire escape ladder was always in its highest "up" position. Rather, a ladder was placed outside of the sidewalk bridge every day for the workers to gain access to the upper floors, and it was the foreperson's responsibility to make sure it was put up and taken down every day.

**157624/2018   SINGH, NIRMAL vs. THOR-GO 120-125 RIVERSIDE LLC**
**Motion No.  001 002**

**Page 3 of 8**

The other ways that the employees could enter the building were: (1) by taking the elevator to the roof and then climbing down the staircase within the scaffold; (2) using exterior steps that gave direct access to the workers' shed; and (3) taking the elevator to the second floor and climbing out of a window. The employees were told about the various means to access the building at numerous work meetings held at the premises, including ones that were attended by plaintiff.

### D. Statement of Undisputed Facts (NYSCEF 101)

As no party submitted a response to Thor-Go's statement of undisputed material facts, the facts set forth therein are deemed admitted as true for purposes of this motion (22 NYCRR 202.8-g[e]). As pertinent here, the following facts are undisputed:

(1)     Plaintiff knew nobody associated with Thor-Go while working at the site;

(2)     He was solely instructed by his foreman regarding his work;

(3)     Thor-Go did not direct or instruct plaintiff to climb the bridge;

(4)     Thor-Go, in general, did not direct the means and methods of plaintiff's work;

(5)     Thor-Go hired Shalbro to perform the façade work, and Shalbro did not obtain Thor-Go's written consent to assign some of its work to Shallu;

(6)      Shalbro provided all materials and tools for the work; Thor-Go did not do so; and

(7)     Thor-Go did not direct or control work performed by Shallu at the site, nor did it provide equipment or materials to Shallu workers.

**157624/2018   SINGH, NIRMAL vs. THOR-GO 120-125 RIVERSIDE LLC**
**Motion No.  001 002**

**Page 4 of 8**

## II.    THOR-GO'S MOTION

### A.    Plaintiff's Labor Law claims

While Thor-Go asserts that plaintiff's cross-motion is untimely, the parties agreed by stipulation to extend plaintiff's time to oppose defendants' motions to September 12, 2023 (NYSCEF 104).  On September 12, 2023, plaintiff filed a notice of cross-motion in opposition to Shalbro's motion.  The cross-motion is therefore timely.

However, plaintiff has waived any argument against dismissal of his Labor Law § 241(6) claim predicated on Industrial Code violations 12 NYCRR 23-1.7(e)(1) and (2) or his Labor Law § 200 claim as he failed to address them in his papers; plaintiff's attempt to address the latter claim for the first time in his reply papers is improper and not considered.

Thus, plaintiff's Labor Law § 200 claim is dismissed as against Thor-Go.

### B.    Indemnity

Thor-Go submits that is entitled to contractual indemnity from Shalbro, based on the indemnification provision in the parties' agreement, which provides that Shalbro will indemnify Thor-Go against all claims "arising out of or due  to or claimed to have arisen out of . . . the performance of the Work" by Shalbro; Shalbro is not required, however, to indemnify Thor-Go for Thor-Go's sole negligence (NYSCEF 97).

As plaintiff's injury arose out of his work for Shalbro, it falls within the indemnity provision (*see Estevez v SLG 100 Park LLC*, 215 AD3d 566 [1st Dept 2023] [indemnity provisions with performance-of-the-work clauses are broad and will be triggered solely if accident occurs in course of indemnitor's work]; *see also Asian v Flintlock Constr. Svces., LLC*, 225 AD3d 462 [1st Dept 2024] [as indemnity clause was trigged by plaintiff's accident in course

**157624/2018   SINGH, NIRMAL vs. THOR-GO 120-125 RIVERSIDE LLC**
**Motion No.  001 002**

**Page 5 of 8**

5 of 8

of subcontractor's work, owner entitled to indemnity to extent not barred by anti-subrogation rule]).

Moreover, as plaintiff's Labor Law § 200 and common-law negligence claims have been dismissed against Thor-Go, its only possible liability would be pursuant to Labor Law §§ 240(1) or 241(6). However, those statutes only impose vicarious liability on an owner such as Thor-Go, and absent evidence that it supervised or controlled plaintiff's work, it is entitled to contractual indemnity against Shalbro (*see Lemache v Elk Manhasset LLC*, 222 AD3d 951 [1st Dept 2023] [owner should have been granted contractual indemnity against contractor that employed plaintiffs, as plaintiff's injuries arose of contractor's operations, and owner was not at fault as it did not control or supervise or provide tools or equipment for work]).

Having found that Thor-Go is entitled to contractual indemnity from Shalbro, there is no need to determine whether it is also entitled to common-law indemnity (*see Weidtman v Tremont Renaissance Hous. Dev. Fund Co., Inc.*, 224 AD3d 488 [1st Dept 2024] [denying defendant's motion for summary judgment on common-law indemnification claims because Court granted it summary judgment on contractual indemnification]).

### III.     SHALBRO's MOTION AND PLAINTIFF'S CROSS-MOTION

#### A.     Labor law § 240(1)

Shalbro contends that it did not violate Labor Law § 240(1) as it provided proper and safe access points to the scaffold and sidewalk bridge, that plaintiff was instructed to use those access points, and that instead, plaintiff chose to use an unsafe and unauthorized manner to enter the upper floors, thereby constituting the sole proximate cause of his accident. Plaintiff denies that Shalbro offered him a safe means of egress or that he was the sole proximate cause of the accident.

**157624/2018   SINGH, NIRMAL vs. THOR-GO 120-125 RIVERSIDE LLC**
**Motion No.  001 002**

**Page 6 of 8**

6 of 8

[* 6]

As there remain disputed issues of fact as to whether plaintiff either disregarded instructions and chose to climb the scaffolding or he was instructed to do so by his supervisor, neither party is entitled to summary judgment on this claim (*see e.g., Rivera v Suydam* 379 LLC, 216 AD3d 495 [1st Dept 2023] [testimony that site supervisor directed plaintiff to tie off ladder raised question of fact as to whether plaintiff disregarded instructions and, thus, whether he was sole proximate cause of accident]; *Padilla v Touro College Univ. Sys*., 204 AD3d 415 [1st Dept 2022] [triable issue as to whether plaintiff's own conduct in disregarding supervisor's instructions rather than violation of Labor Law § 240(1) was sole proximate cause of accident]).

### B.      Labor law § 241(6)

Plaintiff relies solely on a violation of 12 NYCRR 23-5.3(f) as a predicate for his Labor Law § 241(6) claim, which provides that "(l)adders, stairs or ramps shall be provided for access to and egress from the platform levels of metal scaffolds which are located more than two feet above or below the ground, grade, floor or other equivalent level."

Again, given the conflicting testimony about whether a ladder or other access was provided to plaintiff to enable him to enter the building, neither party is entitled to summary judgment on this claim.

### C.      Labor law § 200 and common-law negligence

As discussed above, plaintiff is deemed to have waived his Labor Law § 200 and common-law negligence claims against Shalbro.  In any event, the undisputed evidence establishes that only Shallu supervised and controlled plaintiff's work, not Shalbro.

**157624/2018   SINGH, NIRMAL vs. THOR-GO 120-125 RIVERSIDE LLC**                         **Page 7 of 8**
**Motion No.  001 002**

7 of 8

## IV.    CONCLUSION

Accordingly, it is hereby

ORDERED, that defendant Thor-Go 12-125 Riverside LLC's motion for summary judgment (seq. 001) is granted to the extent of:

(1)    dismissing plaintiff's common-law negligence and Labor Law § 200 claims and his Labor Law § 241(6) claim premised on violations of 12 NYCRR 23-1.7(e)(1) and (2), against said defendant, and those claims are severed and dismissed;

(2)    granting it judgment on its claim for contractual indemnity against defendant Shalbro Construction Group LLC; and

(3)    dismissing its common-law indemnity claim against Shalbro as academic;

It is further

ORDERED, that defendant Shalbro Construction Group LLC's motion for summary judgment (seq. 002) is granted to the extent of dismissing and severing plaintiff's Labor Law § 200 and common-law negligence claims against movant, and is otherwise denied; it is further

ORDERED, that plaintiff's cross-motion for summary judgment is denied; and it is further

ORDERED, that the remaining parties appear for a settlement/trial-scheduling conference on November 20, 2024 at 9:30 am.

| 7/12/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **DAVID B. COHEN, J.S.C.** | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157624/2018   SINGH, NIRMAL vs. THOR-GO 120-125 RIVERSIDE LLC**
**Motion No.  001 002**                                                    **Page 8 of 8**

8 of 8

[* 8]